UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLENE MENDEZ, et al.,<br><br>        Plaintiff,<br><br>    v.<br><br>STEWART,<br><br>        Defendant. | No. 2:19-cv-1810 CKD P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiffs are county prisoners proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

I.     Multiple Plaintiffs

The complaint identifies two plaintiffs in this action: Jerry Baker and Marlene Mendez. (ECF No. 1 at 1.) An action brought by multiple inmate plaintiffs proceeding pro se presents procedural problems that cause delay and confusion. Delay often arises from the transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released from custody, and the difficulties faced by inmates who attempt to communicate with each other and with un-incarcerated individuals. Furthermore, even if plaintiffs obtained authorization to communicate with each other, delays would be caused by the need for all filings to contain the original signatures of both plaintiffs, since plaintiffs are not permitted to sign documents on the other's behalf. L.R. 131(b) ("All pleadings and non-evidentiary documents

1

shall be signed . . . by the party involved if that party is appearing *in propria persona*."); Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.'" (quoting C.E. Pope Equity Tr. v. United States, 818 F.2d 696, 697 (9th Cir. 1987))).

Furthermore, neither plaintiff has submitted an application to proceed in forma pauperis, and, as discussed further below, Baker has accrued three strikes under 28 U.S.C. § 1915(g). Given Baker's filing history and the fact that all plaintiff-specific attachments to the complaint relate to him, it appears that Baker may be attempting to circumvent the requirement that he pay the filing fee before being allowed to proceed by including a second plaintiff. Since it is not proper for this case to proceed with two plaintiffs, and Baker appears to be the lead plaintiff in this action despite naming Mendez first, the case will proceed only as to Baker and the court will either dismiss Mendez or sever her claims at her option.

Because it is not clear that Mendez has considered the potential consequences of proceeding with her claims, she will be given the opportunity to advise the court whether she would like to be dismissed from this action without prejudice or whether she would like her claims severed and filed as a separate lawsuit. If the court severs Mendez's claims instead of dismissing them without prejudice, she will be obligated to pay the statutory filing fee of $350.00 for her action, even if she is granted leave to proceed in forma pauperis, 28 U.S.C. § 1915(b)(1), and there is the potential for accruing a strike if she is ultimately unable to state a claim for relief, 28 U.S.C. § 1915(g).

II.     Three Strikes

The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

////

2

> malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). "[Section] 1915(g) should be used to deny a prisoner's [in forma pauperis] status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). Dismissal counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

Inspection of other cases filed by plaintiff Baker in this court has led to the identification of at least four cases brought by plaintiff that qualify as strikes. The court takes judicial notice of the following lawsuits filed by plaintiff:[1]

1. Baker v. Solano County Jail, E.D. Cal. No. 2:08-cv-1034 BHS (complaint dismissed with leave to amend for failure to state a claim, case dismissed on March 17, 2009, for failure to state a claim after plaintiff failed to file an amended complaint)
2. Baker v. Todd, E.D. Cal. No. 2:10-cv-1827 MCE EFB (complaint dismissed with leave to amend for failure to state a claim, case dismissed on March 21, 2011, for failure to state a claim after plaintiff failed to file an amended complaint)
3. Baker v. Jones, E.D. Cal. No. 2:12-cv-0404 WBS EFB (complaint dismissed with leave to amend for failure to state a claim, case dismissed on September 18, 2012, for

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

failure to prosecute and failure to state a claim after plaintiff failed to file an amended complaint)

4. <u>Baker v. Marsh</u>, E.D. Cal. No. 2:12-cv-0553 KJM JFM (complaint dismissed with leave to amend for failure to state a claim, case dismissed on November 8, 2012, after plaintiff failed to file an amended complaint)

All of the preceding cases were dismissed well in advance of the September 6, 2019 filing of the instant action and none of the strikes have been overturned. Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); <u>see also</u>, <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 312-14 (3rd Cir. 2001); <u>Medberry v. Butler</u>, 185 F.3d 1189, 1192-93 (11th Cir. 1999); <u>Ashley v. Dilworth</u>, 147 F.3d 715, 717 (8th Cir. 1998); <u>Banos v. O'Guin</u>, 144 F.3d 883, 885 (5th Cir. 1998).

The complaint alleges that defendant Stewart does not provide Jewish materials or services. (ECF No. 1 at 3.) Based on these allegations, the court cannot find that plaintiff was under imminent danger of serious physical injury at the time he filed his complaint. It will therefore be recommended that plaintiff be required to pay the filing fee in full or have the complaint dismissed.

III. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

It is not proper to have two incarcerated plaintiffs in this action. Plaintiff Mendez will be given the option to dismiss her claims or to have her claims separated into a separate case. Plaintiff Baker has at least three strikes under § 1915(g) and cannot be granted in forma pauperis status unless he shows the court that he was in imminent danger of serious physical injury at the time he filed the complaint. He has not shown that he was in imminent danger of serious physical injury and so it is being recommended that he be required to pay the filing fee in full before being

4

allowed to continue.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days of the service of this order, plaintiff Mendez shall notify the court whether she wants to voluntarily dismiss her claims without prejudice or have her claims severed and opened as a separate action. Failure to notify the court on how she would like to proceed will result in a recommendation that Mendez's claims be dismissed without prejudice.

2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that plaintiff Baker be ordered to pay the entire $400.00 in required fees within thirty days or face dismissal of the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 8, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:mend1810.1915g.f&r

5